# Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAFETY-KLEEN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID G. WOODS, PENNSTAR, LLC, and COOLANTS PLUS, INC., <br><br> Defendants. | Case No. 1:18-cv-10645 |

## [PROPOSED] PRELIMINARY INJUNCTION

Upon motion and after hearing, the Court finds and rules that it is likely that Plaintiff Safety-Kleen Systems, Inc. ("Safety-Kleen") will prevail on the merits in this action, that Safety-Kleen will suffer irreparable harm if the injunction that Safety-Kleen has requested is not granted, that the harm Safety-Kleen will suffer in the absence of an injunction outweighs any harm that Defendants David G. Woods, PennStar, LLC, and Coolants Plus, Inc. (collectively, the "Defendants") may suffer if the injunction is granted, and that the injunction is consonant with the public interest.

Accordingly, the Court orders as follows:

1. Defendant David G. Woods shall be and hereby is enjoined from directly or indirectly soliciting, diverting, appropriating, or attempting to solicit, divert, or appropriate any Safety-Kleen Customer with which he had Material Business Contact during the period from December 22, 2015, through December 22, 2017, for a period of one (1) year from the date of this Order;

2.      Defendants shall be and hereby are enjoined from using or disclosing any of Safety-Kleen's Confidential Information or Trade Secrets;

3.      Defendants shall be and hereby are enjoined from interfering in Safety-Kleen's relationships with its current or potential customers about which Mr. Woods obtained confidential information during his employment with Safety-Kleen;

4.      Defendants shall be and hereby are enjoined from providing products or services to Circle Lubricants, Inc., Total Lubricants USA Inc., ENI US Operating Co. Inc., Nu-Tier Brands, Inc., and any other person or entity whom or which Woods directly or indirectly solicited, diverted, or appropriated (or attempted to solicit, divert, or appropriate) for or on behalf of PennStar or CPI in violation of his contractual obligations to Safety-Kleen for a period of one (1) year from the date of the Court's Order; and

5.      Defendants shall be and hereby are required to provide (within ten (10) business days of the date of this Order) an accounting for any products, plans, services, contracts, or other customer materials that involve or rely on any Safety-Kleen confidential or trade secret information, and for any business obtained by any one or more of the Defendants as a consequence of their unlawful actions.

_____
United States District Court Judge

Dated: _____, 2018

33539891.1