**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

———————————————————

| | |
|---|---|
| SAFETY-KLEEN, INC., ) | |
| ) | |
| ) | Case No. 1:18-cv-10645 |
| Plaintiff, ) | |
| -v- ) | |
| ) | |
| DAVID G. WOODS, PENNSTAR, LLC, ) | |
| and COOLANTS PLUS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

———————————————————

**DEFENDANTS PENNSTAR, LLC AND COOLANTS PLUS, INC.'S
COMBINED MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants PennStar, LLC ("PennStar") and Coolants Plus, Inc. ("Coolants Plus") (collectively, the "Corporate Defendants"), by their attorneys, respectfully submit this memorandum of law in support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).

## I.    INTRODUCTION

Defendants PennStar and Coolants Plus should be dismissed because Plaintiff has failed to carry its burden of establishing personal jurisdiction over them in Massachusetts. The Corporate Defendants are not incorporated in or principally located in Massachusetts, nor did the alleged tortious conduct take place in Massachusetts. The only connection between this action and Massachusetts is that *Plaintiff* is located in this State and a different Defendant—Mr. Woods—is alleged to have consented to jurisdiction in this State. Neither alleged fact satisfies Massachusetts's long-arm statute and the U.S. Constitution's Due Process Clause for establishing personal jurisdiction over the Corporate Defendants.

Separately, Coolants Plus moves for dismissal of Plaintiff's tortious interference and unfair competition claims against it for failure to state a claim. Coolants Plus does not employ Woods and has no connection or involvement with this dispute. And despite Plaintiff's conclusory recitation of each claim's elements, Plaintiff fails to offer any factual evidence in support thereof. Thus, Coolants Plus should be dismissed for Plaintiff's failure to state claim against it.

## II.     ALLEGATIONS OF THE COMPLAINT

Defendant Woods is alleged to be an individual residing in Milford, Connecticut. (Compl. at ¶ 3.) Defendant PennStar is alleged to be an Ohio limited liability company with its principal place of business in Northampton, Pennsylvania. (*Id*. at ¶ 4.)  Defendant Coolants Plus is alleged to be an Ohio corporation with its principal place of business located in Hamilton, Ohio. (*Id*. at ¶ 5.) Plaintiff alleges that PennStar is a wholly-owned subsidiary of Coolants Plus. (*Id*. at ¶ 4–5.)

With respect to personal jurisdiction, Plaintiff's allegations are limited to paragraph 7. Plaintiff simply states that "this action arises from [the Corporate Defendants'] actions both in and outside of the Commonwealth causing tortious injury in the Commonwealth." (*Id*. at ¶ 7.) Beyond that, Plaintiff only generally alleges that both PennStar and Coolants Plus do business in Massachusetts. (*Id*. at ¶ 4–5.) However, none of the alleged tortious acts occurred in Massachusetts, and Plaintiff does not allege any specific conduct by the Corporate Defendants that otherwise connects the Corporate Defendants to Massachusetts. Rather, the Corporate Defendants' only connection to Massachusetts here is through Woods, who—before becoming employed by PennStar—signed a non-solicitation agreement with Plaintiff whereby he purportedly consented to personal jurisdiction in Massachusetts via a forum selection clause.  There is no allegation that the Corporate Defendants knew of this forum selection clause or knew that Woods's non-solicitation agreement could subject him to litigation in Massachusetts.

### III.   ARGUMENT

#### A.   The Complaint Fails to Establish Personal Jurisdiction over the Corporate Defendants

It is well-established that a defendant should not be subjected to a lawsuit in a State where it has little or no connection. *E.g., International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Thus, when a defendant is sued in such a State, it may file a motion to dismiss on the grounds that the court lacks personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 12(b)(2).

When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists. *E.g., A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). "[T]he inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008). "It is not enough for [the plaintiff] to rely on unsupported allegations in [its] pleadings." *A Corp.*, 812 F.3d at 58 (internal quotations omitted). "Rather, [the plaintiff] must put forward "evidence of specific facts" to demonstrate that jurisdiction exists." *Id.* Under this standard, a court will only accept as true "properly documented evidentiary proffers," as well as other facts offered by plaintiff "to the extent they are not disputed." *Id.*

To establish personal jurisdiction, a plaintiff "must meet the requirements of both the Massachusetts's long-arm statute and the Due Process Clause of the Fourteenth Amendment." *Id.* While the First Circuit "has sometimes treated the limits of Massachusetts's long-arm statute as coextensive with those of the Due Process Clause . . . [the court] has [recently] suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution." *Copia Communs., LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016).

Here, Plaintiff's Complaint fails to establish personal jurisdiction over the Corporate Defendants pursuant to both Massachusetts's long-arm statute and the Constitution's Due Process Clause.

    1.    <u>Plaintiff's Complaint Fails to Establish Personal Jurisdiction over the Corporate Defendants under Massachusetts's Long-Arm Statute</u>

Massachusetts's long-arm statute is codified at Mass. Ann. Laws. ch. 223A, § 3. In its Complaint, Plaintiff cites to only § 3(c) & (d) as the basis of establishing personal jurisdiction over PennStar and Coolants Plus. (Compl. at ¶ 7.) These provisions provide in relevant part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:
>
> . . . .
>
> (c)    causing tortious injury by an act or omission in this commonwealth;
>
> (d)    causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

Mass. Ann. Laws. ch. 233A, § 3 (c)–(d).

Here, Plaintiff's Complaint fails to establish personal jurisdiction under either § 3(c) or (d). Regarding § 3(c), Plaintiff fails to identify any single act or omission by the Corporate Defendants that occurred within the Commonwealth of Massachusetts. (*See* Compl. at ¶ 66–91.) Plaintiff alleges only that the Corporate Defendants "knew of, countenanced, and directed" Defendant Woods to violate his confidentiality and non-solicitation agreement with Plaintiff. (*Id.* at ¶ 69, 77, 83, 88.) However, the customers Defendant Woods allegedly solicited are all located and incorporated outside of Massachusetts.  Moreover, in the cited email where Defendant Woods

purportedly acknowledges breaching his non-solicitation agreement, he states that he was making "some calls on [Long] Island." (*Id.*) The only evidence in the Complaint suggests that the alleged tortious conduct occurred *outside* Massachusetts.

Regarding § 3(d), Plaintiff fails to allege—let alone establish—that the Corporate Defendants regularly conduct or solicit business in Massachusetts, engage in a persistent course of conduct in Massachusetts, or derive a substantial revenue from goods used or services rendered in Massachusetts. Again, Plaintiff only generally alleges that each Corporate Defendant "does business in Massachusetts." (Compl. at ¶ 4–5.) Such a blanket statement is insufficient to establish personal jurisdiction over the Corporate Defendant pursuant to § 3(d). *See also Gulf Oil Ltd. P'ship v. Petro. Mktg. Grp.*, 2018 U.S. Dist. LEXIS 55478, at *10 (D. Mass. Mar. 30, 2018) (recognizing that a claim arising from defendant's out-of-state tortious conduct must satisfy the additional elements of Mass. Ann. Laws. ch. 223A, § 3(d)).

2.   <u>The Complaint Fails to Establish Personal Jurisdiction over the Corporate Defendants under the U.S. Constitution's Due Process Clause</u>

The U.S. Constitution's Due Process Clause requires that, to subject a non-resident defendant to jurisdiction within a State, that defendant must have certain "minimum contacts" with the forum State such that exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *A Corp.*, 812 F.3d at 59 (quoting *International Shoe Co.*, 326 U.S. at 316).   Minimum contacts are evaluated under two theories—general jurisdiction and specific jurisdiction.

Absent a showing of general jurisdiction,[1] specific jurisdiction must be established. Specific jurisdiction only applies to "issues deriving from, or connected with, the very controversy

---

[1] Plaintiff does not allege—nor can Plaintiff establish—general jurisdiction. General jurisdiction allows a court "to hear any and all claims against a defendant if its affiliates with the State are so

that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011).  In other words, while a specific act or connection with a State may be sufficient to render a corporation answerable in that State for that particular act or connection, specific jurisdiction does not allow the defendant to be sued in that State for causes of action unrelated to the act or connection.  *Id.* at 924

The First Circuit requires a "three-part analysis to determine whether a defendant has the requisite minimum contacts with a forum so that it may be lawfully subjected to specific jurisdiction there." *Preferred Mut. Ins. Co. v. Stadler Form Aktiengesellschaft*, No. 17-10955, 2018 U.S. Dist. LEXIS 55475, at *7–8 (D. Mass. Mar. 30, 2018). The three prongs of this specific jurisdiction analysis are: (1) relatedness; (2) purposeful availment; and (3) overall reasonableness. *Id.* at *8. All three prongs must be satisfied to establish personal jurisdiction. *Id.*

Here, Plaintiff cannot establish specific personal jurisdiction against PennStar or Coolants Plus under the first two prongs because: (i) the Corporate Defendants have not purposefully availed themselves to litigation in Massachusetts; and (ii) Plaintiff's claims do not relate to the Corporate Defendants' activities in Massachusetts.

    i.    *The Corporate Defendants Have Not Purposefully Availed Themselves to Litigation in Massachusetts*

Plaintiff does not allege, as it must to establish specific jurisdiction, that PennStar and Coolants Plus have purposefully availed themselves to litigation in Massachusetts.  To do so,

---

continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).  But "only a limited set of affiliations with a [State] will render a defendant amenable to [general] jurisdiction." *Bauman*, 134 S. Ct. at 760.  For a corporation, proper forum States consist primarily of the entity's "place of incorporation and principal place of business." *Id.* Plaintiff fails to allege continuous and systematic activities by either PennStar or Coolants Plus. And Plaintiff alleges that the place or incorporation and principal place of business for PennStar and Coolants Plus are outside Massachusetts.

Plaintiff must establish that PennStar and Coolants Plus's "contacts with [Massachusetts] represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of [Massachusetts]'s laws and rending the [Corporate Defendants] involuntary presence in that state foreseeable." *See Scottsdale Capital Advisors Corp. v. Deal, LLC*, No. 17-1968, 2018 U.S. Dist. LEXIS U.S. App. 8457, at *7 (1st Cir. Apr. 3, 2018).

In the First Circuit, the "proper inquiry" for determining purposeful availment "is not where the plaintiff experienced a particular injury or effect *but whether the defendant's conduct connects [it] to the forum in a meaningful way*." *A Corp v. All Am Plumbing, Inc.*, 812 F.3d 54, 60 (1st Cir. 2016) (emphasis added). "The main ingredients of purposeful availment are voluntariness and foreseeability." *Preferred Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 55475 at *8 (quoting *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 36 (1st Cir. 2016)). Purposeful availment "cannot be premised on the unilateral activity of another party or third person." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Rather, a defendant's contacts with that State "must be voluntary—that is, a defendant's contacts must 'proximately result from actions by the defendant *himself*.'" *Id*. (quoting *Phillips*, 530 F.3d at 28) (emphasis in original). This requirement "helps to ensure defendants will not be subject to the exercise of jurisdiction over them by a forum based only on 'random, fortuitous, or attenuated contacts.'" *Id*. (quoting *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 555 (1st Cir. 2011).

Here, Plaintiff fails to establish purposeful availment. First, Plaintiffs fails to allege that PennStar or Coolants Plus committed any voluntary, intentional act within or directed to Massachusetts that is relevant to Plaintiff's causes of action. While Plaintiff alleges generally that PennStar and Coolants Plus do business in Massachusetts (*id.* at ¶ 4–5), these bare allegations of unrelated conduct are insufficient to establish specific jurisdiction. Moreover, none of the alleged

torts occurred within Massachusetts, and none of the solicited customers are alleged to be located inside Massachusetts. Moreover, Woods's own unilateral acts—*i.e.*, his alleged consent to personal jurisdiction in Massachusetts via the non-solicitation agreement—is insufficient to impure personal jurisdiction over the Corporate Defendants. In short, Plaintiff has failed to identify any meaningful connection between the Corporate Defendants and Massachusetts.

Second, Plaintiff fails to allege that PennStar or Coolants Plus could reasonably foresee being hauled into a Massachusetts court to answer for their alleged out-of-state tortious conduct. While Plaintiff alleges that PennStar or Coolants Plus had general knowledge that a non-solicitation agreement between Woods and Plaintiff existed, there is no allegation that either PennStar or Coolants Plus received a copy of that agreement or knew about the forum selection clause contained therein. *Cf. Optos, Inc. v. Topcon Med. Sys.*, 777 F. Supp. 2d 217, 235 (D. Mass. 2011) (in tortious interference claim, finding purposeful availment was satisfied only because plaintiff previously sent out-of-state defendant a cease-and-desist letter enclosing a copy of the non-compete agreement, causing defendant to "kn[o]w full well" that a violation of the agreement could lead to litigation in Massachusetts). Here, there are simply no facts alleged which remotely suggest that PennStar or Coolants Plus knew Woods's misconduct could lead to litigation in Massachusetts.

>        ii.     *Plaintiff's Claims Do Not Relate to The Corporate Defendants' Activities in Massachusetts*

Under the relatedness prong, courts consider whether the plaintiff's claims "directly arise out of, or relate to, the defendant's forum-state activities." *E.g., A Corp.*, 812 F.3d at 59. To satisfy this prong, the plaintiff "must show a nexus between its claims and [the defendant]'s forum-based activities." *Id*. When analyzing this element, courts must "hone in on the relationship between the

defendant and the forum." *Id.*; *Gulf Oil Ltd. P'ship v. Petro. Mktg. Grp.*, No. 17-10813, 2018 U.S. Dist. LEXIS 55478, at *11 (D. Mass. Mar. 30, 2018).

Here, Plaintiff's allegations do not meet this standard. As stated, Plaintiff fails to establish any relationship between the Corporate Defendants and Massachusetts beyond Plaintiff's general and vague allegation that PennStar and Coolants Plus each do business in Massachusetts (Compl. at ¶ 4–5). Since all of the Corporate Defendants' alleged tortious conduct occurred outside Massachusetts, the only purported connection is that Plaintiff "felt the effects" of the tortious conduct within Massachusetts. However, this is by itself insufficient to establish specific jurisdiction. *See Gulf Oil*, 2018 U.S. Dist. LEXIS 55478 at *16–17 ("[F]or a plaintiff's claims to be 'related to' a defendant's in-forum contacts, something more would be necessary than the bare fact that the plaintiff 'felt the effects' of the defendant's out-of-state conduct.") (citing *A Corp v. All Am. Plumbing, Inc.*, 812 F.3d 54, 60 (1st Cir. 2016)). Because Plaintiff fails to allege something more to relate the Corporate Defendants' out-of-state conduct with Massachusetts, Plaintiff's allegations fail to satisfy the relatedness prong for specific jurisdiction.

While this court has previously held that relatedness can be established for a tortious interference claim based on an in-forum injury, *see Optos, Inc.*, 777 F. Supp. 2d at 233, this Court recently questioned whether that precedent "would be decided the same way" today. *See Gulf Oil*, 2018 U.S. Dist. LEXIS 55478 at *16–17 (citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) and *Walden v. Fiore*, 134 S. Ct. 1115 (2014)). That is because "after *Walden* there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum . . . . Any decision that implies otherwise can no longer be considered authoritative." *Id.* at n.4 (quoting *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014)).

Here, because the only relevant link between the Corporate Defendants and Massachusetts is Plaintiff's claimed injury, the relatedness prong for specific jurisdiction is not met. There is simply no allegation in the Complaint—nor any evidence to support any such allegation—that Plaintiff's claims against PennStar and Coolants Plus's arise out of their connection with Massachusetts.

### B.    Coolants Plus Should Be Dismissed for Failure to State a Claim

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are designed to test the sufficiency of the pleadings. Upon such a motion, dismissal is appropriate if the pleading fails to support "a plausible entitlement for relief." *E.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). To survive a motion to dismiss, the plaintiff must set forth, "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *E.g., Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1999). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" *Molando v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009). "Such conclusory statements are not entitled to the assumption of truth." *Id.* And where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Here, Plaintiff's claims for tortious interference and unfair competition against Coolants Plus fails to state claim for relief.  The Complaint makes clear that Coolants Plus does not employ Woods and, aside from being alleged to be PennStar's parent company, has no other connection or involvement in this case. (*See* Compl. at ¶ 4–5, 21.) Despite this lack of factual involvement, Plaintiff nevertheless alleges that Coolants Plus engaged and directed Woods to breach its contract

with Plaintiff and solicit Plaintiff's customers. (*Id*. at § 74–81, 87–91.) But rather than offer any factual evidence in support of these allegations, Plaintiff provides only bare conclusory recitations of the elements for each cause of action (*See id.*) These are insufficient to demonstrate that Plaintiff has a plausible claim for relief. If anything, the only entity plausibly liable for tortious interference or unfair competition is PennStar—*i.e.,* the entity that actually hired and employs Woods. Thus, because Plaintiff has failed to plead facts sufficient to demonstrate plausibility, and has instead proffered only mere conclusory statements, Plaintiff has failed to state a claim for relief against Coolants Plus.

## IV.    CONCLUSION

For the foregoing reasons, Defendants PennStar and Coolants Plus respectfully request that this Court issue and Order dismissing both Corporate Defendants for lack of personal jurisdiction; and, alternatively, for an Order dismissing Coolants Plus for Plaintiff's failure to state a claim.

Dated: April 10, 2018                     Respectfully submitted,


   /s/ Stephen D. Riden
Russell Beck, BBO No. 561031
Stephen D. Riden, BBO No. 644451
Laura M. Raisty, BBO No. 640400
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, MA 02110
Phone:  (617) 500-8660
Fax:  (617) 500-8665
rbeck@beckreed.com
sriden@beckreed.com
lraisty@beckreed.com

-and-

Brian P. Muething *
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone:  (513) 579-6400
Fax:  (513) 579-6457
bmeuthing@kmklaw.com

* Pro Hac Vice application forthcoming

Attorneys for Defendants,
PennStar, LLC and Coolants Plus, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 10, 2018, the foregoing was filed with the Clerk

of the Court using the CM/ECF system, which sent a copy to all counsel of record.

  */s/ Stephen D. Riden*
Stephen D. Riden, BBO No. 644451
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, MA 02110
Phone:  (617) 500-8660
Fax:  (617) 500-8665
sriden@beckreed.com