UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAFETY-KLEEN, INC., <br><br> Plaintiff, <br> -v- <br><br> DAVID G. WOODS, PENNSTAR, LLC, and COOLANTS PLUS, INC., <br><br> Defendants. | Case No. 1:18-cv-10645 |

**DEFENDANTS PENNSTAR, LLC AND COOLANTS PLUS, INC.'S
COMBINED MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Defendants Coolants Plus, Inc. ("Coolants Plus") and PennStar, LLC ("PennStar") (collectively, the "Corporate Defendants"), by and through counsel, respectfully oppose Plaintiff's Motion for a Preliminary Injunction. Plaintiff is not entitled to a preliminary injunction against the Corporate Defendants because the Court lacks personal jurisdiction over them and because Plaintiff cannot demonstrate irreparable harm.

**I.      ARGUMENT**

    **1.      Lack of Personal Jurisdiction and Failure to State a Claim**

The Corporate Defendants have separately moved to dismiss this lawsuit because they are not properly subject to personal jurisdiction in this Court. The Corporate Defendants incorporate those arguments herein. The Court should not enter an injunction as to the Corporate Defendants when it lacks jurisdiction over them (or where, at the very least, personal jurisdiction has been credibly challenged). *See, e.g., United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1084 (1st Cir. 1992) (preliminary injunction void where court later determines that it lacked personal jurisdiction to enter the injunction).  In addition, no injunction

1

should be entered against Coolants Plus because it is not Mr. Woods's employer and, on that basis, has moved to dismiss for failure to state a claim.

### 2. Plaintiff Cannot Demonstrate Irreparable Harm[1]

Plaintiff's motion for an injunction should not be granted where Plaintiff cannot demonstrate irreparable harm. Plaintiff claims it will suffer irreparable harm if customers are solicited in the future. But the Corporate Defendants—while denying liability for any alleged wrongdoing—are amenable to a stipulation that would restrict the sale of products or services to almost all of the customers identified in Plaintiff's motion. The only exception that the Corporate Defendants seek is to continue selling products to Circle Lubricants, a party with whom the Corporate Defendants had a relationship that predates Mr. Woods, to do so without Mr. Woods being involved, and to sell only products that Plaintiff does not otherwise sell itself.

The only other potential harm identified by Plaintiff is alleged use or misuse by the Corporate Defendants of alleged confidential information. The Corporate Defendants have not used or misused any such information. And because Plaintiff redacted the alleged confidential

---

[1] Having affirmatively raised personal jurisdiction as a defense in their first responsive pleading, the Corporate Defendants preserve their personal jurisdiction defense; and their arguing the merits of Plaintiff's preliminary injunction motion does not constitute a waiver. *See Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Industries Fund*, 967 F.2d 688, 692 (1st Cir. 1992) (requiring that defendants raise preliminary defense "in conjunction with or before the motion" regarding the TRO hearing); *Cmty. Voice Line, L.L.C. v. MetroPCS Communs., Inc.*, No. 11-4019, 2011 U.S. Dist. LEXIS 19350, at n.2 (N.D. Iowa Feb. 25, 2011) ("Courts agree that a defendant does not waive personal jurisdiction by responding to a motion for a temporary restraining order or a motion for a preliminary injunction, if that defendant has file a challenge to personal jurisdiction before or as part of its response to the motion for preliminary injunction relief."); *Nanoexa Corp. v. Univ of Chi.*, No. 10-CV-2631, 2010 U.S. Dist. LEXIS 113409, at *n.2 (N.D. Cal. Oct. 21, 2010) ("Defendants raised personal jurisdiction even before opposing Plaintiff's motion for preliminary injunction. Accordingly, Defendants have not waived their right to challenge personal jurisdiction.").

information from the email it presented to the Court, the Corporate Defendants will not discuss it in detail. They will say, however, that the information identified does not appear to be confidential or trade secret, or anything that could not be obtained through a Google search or a request for pricing from the Plaintiff. This is not irreparable harm.

    **3.**    **The Proposed Injunction is Overbroad**

Should the Court find personal jurisdiction and find grounds exist for entry of an injunction against the Corporate Defendants, the Court should not enter Plaintiff's proposed injunction. It is overbroad and vague.

In Paragraph 2 of the proposed injunction, Defendants are enjoined from using Plaintiff's "Confidential Information." By this term, Plaintiff means as that term is defined in its agreement with Mr. Woods. When one looks at that definition, Confidential Information is defined, in part, as information "of importance to Clean Harbors." Neither the Corporate Defendants nor the Court can understand what this term means and would leave the Corporate Defendants unsure of what has been enjoined.

In Paragraph 3, the Corporate Defendants would be enjoined from a list of customers—including "potential customers"—not identified by name. The Corporate Defendants would have no idea who this list would include and could find themselves in violation of this injunction as written even without using Mr. Woods, any information from him, or from Safety-Kleen.

The proposed injunction in Paragraph 4 is also overbroad. As noted above, Corporate Defendants have already agreed to not sell products or services to the last three customers on the list. Therefore, an injunction is not appropriate. As to Circle Lubricants, the proposed injunction is broader than necessary to alleviate the harm claimed by Plaintiff in that it would prevent the

Corporate Defendants from selling products that do not compete with those of the Plaintiff to their preexisting customers.

As for Paragraph 5, the language is so broad as to make it very difficult to interpret and to comply. But to the extent Plaintiff is concerned that PennStar has gained new business at its expense, the Ward Affidavit attached here shows that since PennStar was created in December 2017, it has earned only three new customers (none of whom were previously customers of Safety-Kleen).

## II.     CONCLUSION

For the foregoing reasons, Defendants Coolants Plus and PennStar respectfully request that the Court deny Plaintiff's Motion for a Preliminary Injunction.

Dated: April 10, 2018                             Respectfully submitted,

   /s/ Stephen D. Riden

Russell Beck, BBO No. 561031
Stephen D. Riden, BBO No. 644451
Laura M. Raisty, BBO No. 640400
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, MA 02110
Phone:  (617) 500-8660
Fax:  (617) 500-8665
rbeck@beckreed.com
sriden@beckreed.com
lraisty@beckreed.com

-and-

Brian P. Muething *
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone:  (513) 579-6400
Fax:  (513) 579-6457
bmeuthing@kmklaw.com

*Pro Hac Vice application forthcoming*

*Attorneys for Defendants,
PennStar, LLC and Coolants Plus, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 10, 2018, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent a copy to all counsel of record.

                         */s/ Stephen D. Riden*
                         Stephen D. Riden, BBO No. 644451
                         BECK REED RIDEN LLP
                         155 Federal Street, Suite 1302
                         Boston, MA 02110
                         Phone:  (617) 500-8660
                         Fax:  (617) 500-8665
                         sriden@beckreed.com